UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.

VENUS CONCEPT USA INC., a
Delaware corporation,

    Plaintiff,
v.

DORIS RIVERA,
Individually

    Defendant.
_____/

# COMPLAINT

Plaintiff, VENUS CONCEPT USA INC. ("Plaintiff"), by and through the undersigned counsel, hereby files the instant Complaint against Defendant, DORIS RIVERA ("Defendant") for damages and equitable relief and, as grounds therefore, states, asserts, and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and other related relief that exceeds Seventy-Five Thousand and 00/100 ($75,000.00) Dollars, exclusive of interest, costs, and attorneys' fees.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C.§ 1332 on the basis of the amount in controversy exceeding Seventy-Five Thousand and 00/100 ($75,000.00) Dollars and the Plaintiff and Defendant being citizens of different States as outlined below.

3. Venue is proper in the Southern District of Florida since the parties agreed to litigate their claims in Miami-Dade County, Florida pursuant to the Subscription Agreement that is subject to this action.

4. Plaintiff is a Delaware corporation conducting business in Miami-Dade County, Florida and with its principal place of business located in Florida.

5. Doris Rivera is a *sui juris* individual over the age of eighteen (18) who resides in Garland, Texas and who has guaranteed the performance of obligations under the Subscription Agreement that is the subject of this action.

## Introductory Statement

6. Plaintiff is a medical aesthetic device company in the business of developing, commercializing and delivering minimally invasive and non-invasive medical aesthetic and hair restoration technologies and devices to its consumers, such as Defendant. In or around October 2019, Plaintiff provided and delivered its "Venus Versa", as well as additional supplies and goods to Defendant, to which Defendant received and accepted. As is explained in greater detail below, Defendant failed to provide Plaintiff the benefit of their bargain and has failed to adequately compensate Plaintiff the reasonable value of the goods and services the Defendant has received, accepted, and enjoyed.

## GENERAL ALLEGATIONS

7. Plaintiff entered into and executed the "Subscription Agreement" dated October 31, 2019 ("Subscription Agreement") whereby Plaintiff promised to deliver certain medical aesthetic device(s), supplies and services (collectively the "Goods") in consideration for Defendant's promise to pay the "Aggregate Amount" of One Hundred Seven Thousand Fifty-Nine and 36/100 ($107,059.36) Dollars in certain monthly installments listed in the Subscription Agreement. A true and correct copy of the Subscription Agreement is attached hereto as **Exhibit "A"** and is incorporated into, adopted, and made a part hereof through this reference.

8. On the same day as the execution of the Subscription Agreement, Defendant executed and delivered a Guaranty to Plaintiff ("Guaranty"), wherein Defendant guaranteed the full payment and punctual performance of all obligations of Defendant under the Subscription Agreement. A true and correct copy of the Guaranty is included within the Subscription Agreement attached hereto and incorporated within **Exhibit "A"**.

9. Plaintiff delivered all supplies and materials listed in the Subscription Agreement to the Defendant, to which the Defendant received and accepted.

10. Pursuant to the terms of the Subscription Agreement, Defendant owes Plaintiff, an aggregate amount of Ninety-Two Thousand Four Hundred Eighty-Five and 16/100 ($92,485.16) Dollars consisting of the remaining value of the Subscription Agreement, plus interest due on all amounts past due at a rate of eighteen (18%) percent per annum, compounded monthly which has accrued since August 10, 2020.

11. Defendant's failure to make any of the requisite payments due and owing since August 10, 2020 constitutes an event of "Default" under the Subscription Agreement. *See Subscription Agreement,* § 13.a. ("Each of the following is a material default by [the Defendant]: The [Defendant] fails[] to make any payment or pay any other amounts due under this Agreement . . . within ten (10) days after the same is due and payable[.]").

12. Upon the happening of a Default, the Subscription Agreement allows for and provides Plaintiff with the right to immediately terminate same and to accelerate any and all payments remaining under the Subscription Agreement that would not have otherwise been due and owing but for the Default:

> **14. Effect of Default** – In the event of any Default, [Plaintiff] may take any one of the following actions (separately or cumulatively): (i) ***terminate this Agreement with immediate effect*** and in such case the provisions of Section 15 below shall apply . . .

**15. Effect of Termination or Expiration** – In the event of termination or expiration of this Agreement, the following shall apply:

The [Defendant] shall pay forthwith (without notice) to [Plaintiff] as liquidated damages, and not as a penalty, an amount . . . equal to the aggregate of:

(i) ***Unpaid payments and other amounts payable hereunder and unpaid as of the date of Default*** [(i.e., August 10, 2020)], and

(ii) The unpaid value of:

(A) Any remaining Monthly Installment payable from the date of Default, and

(B) Amounts otherwise payable under the Agreement, and

(iii) ***Any Enforcement Costs*** [(which include "all costs and expenses in respect of collection, legal fees, repossession, repair of System, enforcement of [Plaintiff's] rights or remedies, sale[,] or re-lease costs or other realization costs)] incurred by [Plaintiff], and

(iv) ***Interest thereon*** [(at the rate of eighteen percent (18%) per annum)] from the date of the Default [(i.e., August 10, 2020)] until payment in full.

*Subscription Agreement,* §§ 14-15 (emphasis added).

        13.      In connection with the above-quoted language, and because Defendant defaulted by failing to pay all amounts due by their respective due dates or any time thereafter, Plaintiff, by and through the undersigned counsel, delivered a Notice of Termination dated August 4, 2021, to the Defendant terminating the Subscription Agreement and demanding payment of any and all amounts due under same, including interest, costs, and attorneys' fees, as is allowable under the clear and unambiguous language of the Subscription Agreement ("Notice of Termination"). A

true and correct copy of the Notice of Termination is attached hereto as **Exhibit "B"** and is incorporated into, adopted, and made a part hereof through this reference.

14. As of August 10, 2020, Defendant owes Plaintiff: Ninety-Two Thousand Four Hundred Eighty-Five and 16/100 ($92,485.16) Dollars, consisting of the remaining value of the Subscription Agreement, plus interest due on all amounts past due at a rate of eighteen (18%) percent per annum, compounded monthly which has accrued since August 10, 2020.

15. All conditions precedent to filing this action have been met by Plaintiff or have otherwise been waived or excused by the Defendant.

16. Plaintiff has retained the undersigned counsel to bring this action and has agreed to pay a reasonable fee for said attorneys' fees and costs; and Plaintiff is entitled to recover its attorneys' fees, costs, and expenses for bringing this action.

## COUNT I – BREACH OF CONTRACT

17. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through sixteen (16) as if set forth at length herein.

18. This is an action against Defendant for breach of the Subscription Agreement.

19. Plaintiff and Defendant entered into and executed the Subscription Agreement.

20. Plaintiff fully performed under the Subscription Agreement by providing the Defendant with the Goods.

21. Defendant has defaulted under and materially breached the Subscription Agreement by failing and refusing to pay the remaining amounts due and owing to Plaintiff pursuant to same.

22. Plaintiff has suffered damages as a result of the Defendant's material breach of the Subscription Agreement.

23. Defendant owes the Plaintiff, an aggregate amount of Ninety-Two Thousand Four Hundred Eighty-Five and 16/100 ($92,485.16) Dollars, consisting of the remaining value of the Subscription Agreement, plus interest due on all amounts past due at a rate of eighteen (18%) percent per annum, compounded monthly which has accrued since August 10, 2020.

WHEREFORE, Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment for liquidated damages in the sum of Ninety-Two Thousand Four Hundred Eighty-Five and 16/100 ($92,485.16) Dollars against Defendant, DORIS RIVERA, together with post-judgment interest, attorneys' fees, and costs, as well as any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

## COUNT II – BREACH OF GUARANTY

24. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through sixteen (16) as if set forth at length herein.

25. This is an action against Defendant for breach of the Guaranty.

26. Defendant has guaranteed the performance of Defendant's obligations under the Subscription Agreement.

27. As a result of Defendant's breach and default under the Subscription Agreement, Defendant is obligated to pay all amounts due and owing Plaintiff under the Subscription Agreement.

28. Plaintiff has demanded that Defendant pay to Plaintiff the amounts due and owing under the Subscription Agreement; however, Defendant has failed to make the required payments.

29. Defendant has breached the Guaranty by failing and refusing to pay Plaintiff the amounts due and owing Plaintiff under the Subscription Agreement.

30. Plaintiff has suffered damages as a result of Defendant's breach of Guaranty.

WHEREFORE, Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment for liquidated damages in the sum of Ninety-Two Thousand Four Hundred Eighty-Five and 16/100 ($92,485.16) Dollars, against Defendant, DORIS RIVERA, together with post-judgment interest, attorneys' fees, and costs, as well as any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

## COUNT III – UNJUST ENRICHMENT

31. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through sixteen (16) as if set forth at length herein.

32. This is an action against Defendant for unjust enrichment.

33. Plaintiff conferred to the appreciation of Defendant certain benefits in the form of highly advanced, sophisticated, and costly medical aesthetic equipment, devices, and supplies.

34. Defendant accepted and retained said benefits under circumstances which make it inequitable for them to have retained same without paying the value of the benefits received.

WHEREFORE, Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment against Defendant, DORIS RIVERA, for damages, prejudgment interest, attorneys' fees and costs, as well as any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

## COUNT IV – OPEN ACCOUNT

35. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through sixteen (16) as if set forth at length herein.

36. This is an action against Defendant for open account.

37. At the time of filing this action, Defendant owes Plaintiff on open account Ninety-Two Thousand Four Hundred Eighty-Five and 16/100 ($92,485.16) Dollars consisting of the

remaining value of the Subscription Agreement, plus interest on all amounts past due at a rate of eighteen (18%) percent per annum, compounded monthly which has accrued since August 10, 2020.

38. A true and correct copy of Plaintiff's Statement evidencing the outstanding and open account is attached hereto as **Exhibit "C"** and is incorporated into, adopted, and made a part hereof through this reference.

WHEREFORE, Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment for liquidated damages in the sum of Ninety-Two Thousand Four Hundred Eighty-Five and 16/100 ($92,485.16) Dollars against Defendant, DORIS RIVERA, together with post-judgment interest, attorneys' fees, and costs, as well as any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

## COUNT V – ACCOUNT STATED

39. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through sixteen (16) as if set forth at length herein.

40. This is an action against Defendant for account stated.

41. Before the institution of this action, Plaintiff and Defendant had business transactions between them whereby they agreed to the resulting balance as demonstrated by the Defendant's signatures and execution of the Subscription Agreement and Plaintiff's furnishing and tender of the Goods. True and correct copies of Plaintiff's Invoices evidencing the agreed upon balance are attached hereto as **Exhibit "D"** and are incorporated into, adopted, and made a part hereof through this reference.

42. Defendant agreed and consented to the monthly installments of the Aggregate Amounts listed in the Subscription Agreement by accepting the Goods and paying a portion of the amounts due and owing from the execution of the Subscription Agreement until August 10, 2020.

43. Defendant never objected to the amounts due and owing Plaintiff and thereby agreed to the resulting balance of same.

44. Defendant has not paid the balance due after a reasonable time and has refused to pay, even though Plaintiff has made demand for payment upon the Defendant.

45. Defendant remains liable to compensate Plaintiff the outstanding balance of Ninety-Two Thousand Four Hundred Eighty-Five and 16/100 ($92,485.16) Dollars.

WHEREFORE, Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment for liquidated damages in the sum of Ninety-Two Thousand Four Hundred Eighty-Five and 16/100 ($92,485.16) Dollars against Defendant, DORIS RIVERA, together with post-judgment interest, attorneys' fees, and costs, as well as any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

## COUNT VI – REPLEVIN

46. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through sixteen (16) as if set forth at length herein.

47. To the extent this Honorable Court denies any and/or all of Plaintiff's prior claims and causes of action, this is an action against Defendant for replevin.

48. Upon best information and belief, Defendant is in possession of the Goods.

49. The Goods are being wrongfully detained and withheld by Defendant.

50. Plaintiff is entitled to possession of the Goods pursuant to their interest in Section 15 of the Subscription Agreement.

51. The Goods have not been taken for a tax, assessment, or fine pursuant to the law.

52. The Goods have not been taken under an execution or attachment against the property of Plaintiff for a tax, assessment, or fine pursuant to the law.

53. Plaintiff has demanded the return of the Goods and Defendant has failed and refused to return same.

WHEREFORE, Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment for possession of the Goods from Defendant, DORIS RIVERA, and damages together with attorneys' fees, costs, and any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

**[*SIGNATURE ON FOLLOWING PAGE*]**

DATED: August 6, 2021.					Respectfully submitted,

							LEWIS BRISBOIS BISGAARD & SMITH LLP
							Attorneys for Plaintiff, *Venus Concept USA Inc*.
							110 SE 6th Street, Suite 2600
							Fort Lauderdale, Florida 33301
							Telephone: 954.728.1280
							Facsimile: 954.728.1282
							David.Hawthorne@lewisbrisbois.com
							Melissa.VanHuss@lewisbrisbois.com
							ftlemaildesig@lewisbrisbois.com

					BY:		*/s/ David Hawthorne*
							David M. Hawthorne
							FBN 935174

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 6, 2021, the foregoing document was electronically filed with the Clerk of the Court using Florida Court's E-filing system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of notices of electronic filing generated by the Florida Court's E-filing system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of filing.

*/s/ David M. Hawthorne*
**DAVID HAWTHORNE, ESQ.**
Florida Bar No. 935174

## SERVICE LIST