UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:21-cv-22877-GAYLES/TORRES

**VENUS CONCEPT USA INC.**, a
**Delaware Corporation**,

    Plaintiff,

v.

**DORIS RIVERA, Individually**,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** comes before the Court upon Plaintiff's Renewed Motion for Partial Summary Judgment (the "Motion") [ECF No. 22]. *Pro se* Defendant Doris Rivera has failed to respond in opposition to the Motion, and the time to do so has expired. The Court has considered the Motion, the record, and the applicable law. For the reasons set forth below, the Motion is **GRANTED**.

**BACKGROUND**

Plaintiff is a company that develops and sells medical aesthetic and hair restoration technologies and devices. [ECF No. 23 at ¶ 5]. On October 30, 2019, Plaintiff entered into a Subscription Agreement (the "Contract") with Defendant and her company, D Art of Beauty – Dallas ("D Art of Beauty"). [ECF No. 23 at ¶ 6]; [ECF No. 1-1]. Pursuant to the Contract, Plaintiff promised to deliver certain goods to D Art of Beauty in exchange for its promise to pay $107,600.61 in certain monthly installments. [ECF No. 23 at ¶ 7]. The Contract also contained a "Personal Guaranty" clause that Defendant signed, pledging to fulfill all contractual obligations to Plaintiff and make all payments. [ECF No. 23 at ¶ 8]; [ECF No. 1-1 at 3]. Plaintiff delivered all

1

the required goods to D Art of Beauty. [ECF No. 23 at ¶ 10]. However, since August 10, 2020, Defendant and D Art of Beauty stopped making the contractual monthly payments. *Id.* Pursuant to the Contract, the failure to make any payment constitutes a "Default," allowing Plaintiff to terminate the Contract and to accelerate the payment of any outstanding amounts. *Id.* at ¶ 12. Plaintiff terminated the Contract on August 4, 2021. *Id.* at ¶ 13. As of April 4, 2022, Defendant and D Art of Beauty owe Plaintiff principal and default interest in the amount of $102,349.21. *Id.* at ¶¶ 12–14. Defendant now seeks summary judgment as to Count II for Breach of Guaranty.[1]

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment "is appropriate only if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (per curiam) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 56(a)). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is "genuine" when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of her burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014) (citation omitted). A fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004) (citation omitted).

"Where the material facts are undisputed and all that remains are questions of law, summary judgment may be granted." *Eternal Word Television Network, Inc. v. Sec'y of U.S. Dep't*

---

[1] Plaintiff concedes that if this Motion is granted, then the remaining counts in the Complaint, that are all plead as alternatives, may be dismissed as moot. [ECF No. 22 at 1 n.1].

*of Health & Human Servs.*, 818 F.3d 1122, 1138 (11th Cir. 2016) (citation omitted), *vacated on other grounds*, 2016 WL 11503064, at *1 (11th Cir. May 31, 2016). The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014) (per curiam). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015). Furthermore, conclusory allegations will not create an issue of fact for trial sufficient to defeat a well-supported motion for summary judgment. *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990) (citation omitted). Where, as here, the nonmoving party does not respond, summary judgment may be granted "if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it[.]" Fed. R. Civ. P. 56(e)(3).

## DISCUSSION

"In Florida, the elements of an action for breach of a guaranty arise from a debtor's default and the guarantor's subsequent failure to pay." *Bank First v. Guillem,* No. 609-CV-152-ORL-31KRS, 2009 WL 1930190, at *5 (M.D. Fla. June 30, 2009). "[T]he creditor has the burden of establishing that all of the conditions precedent to the guarantor's liability have occurred or were performed." *Id.* Additionally, "[t]he extent of the guarantor's liability depends upon the language of the guaranty itself and is usually equal to that of the principal debtor." *Fed. Deposit Ins. Corp. v. Univ. Anclote, Inc*., 764 F.2d 804, 806 (11th Cir. 1985).

Prior to the filing of the instant Motion, Defendant did not dispute Plaintiff's allegations that D Art of Beauty had defaulted on its payments and that Defendant, as guarantor, had also

failed to pay. [ECF No. 5]. In fact, she seemed to confirm this. *Id.* ("I did enter into an agreement with the plaintiff(s)... and I was not able to make the payments due to being out of work."). The uncontested record establishes that Defendant executed and entered a guaranty where she unconditionally guaranteed her company's obligations under the Contract. The uncontested record also establishes that D Art of Beauty is in default under the Contract, Defendant has failed to make the requested payments, and that as of April 4, 2022, the sum of $102,349.21 was owed to the Plaintiff. [ECF No. 23 at ¶¶ 12–14].

## CONCLUSION

Based on the foregoing, the Court finds that Plaintiff is entitled to judgment as a matter of law. Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Renewed Motion for Partial Summary Judgment, [ECF No. 22], is **GRANTED**. Final Judgment will be entered under separate order. This case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of July, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE